J-A24024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| OSCAR AMILCAR CASTILLO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA CANDELARIA GUERRA | : | No. 1579 EDA 2023 |

Appeal from the Order Entered May 18, 2023
In the Court of Common Pleas of Delaware County Civil Division at
No(s): 2023-1210

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED MARCH 26, 2025**

Appellant, Oscar Amilcar Castillo ("Uncle"), appeals from the May 18, 2023 Order entered in the Court of Common Pleas of Delaware County that denied his petition seeking the issuance of an order containing specific factual findings regarding his nephew, now-19-year-old A.J.P.A. ("Nephew"), necessary to petition the U.S. Citizenship and Immigration Services ("USCIS") for special immigration juvenile status ("SIJS") pursuant to 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11.[1] Upon remand from the Supreme Court, we vacate and remand to the lower court for further proceedings.

---

[1] **See** 8 U.S.C. § 1101(a)(27)(J) (defining SIJS as applicable to child immigrant who is present in United States and (i) who has been declared dependent by juvenile court located in United States or whom such court has legally committed to, or placed under custody of, agency or department of State, or individual or entity appointed by State or juvenile court located in United States, and whose reunification with one or both of immigrant's parents
*(Footnote Continued Next Page)*

In September 2022, then-17-year-old Nephew left his home country of Honduras and hitchhiked to the U.S. Upon arrival, Nephew was taken into the custody of the U.S. Department of Health and Human Services Office of Refugee Resettlement ("ORR"). On November 12, 2022, ORR released Nephew into Uncle's custody.

On February 13, 2023, Uncle filed an emergency complaint for custody of Nephew and a request for special relief in the form of factual findings as a requisite predicate to Nephew's federal SIJS petition. On April 5, 2023, the trial court issued an Order adopting a written custody agreement between Uncle and Mother, who lives in Honduras, which granted Uncle legal and physical custody of Nephew. On April 7, 2023, Nephew turned 18 years old. On April 13, 2023, the trial court held a hearing on Uncle's petitions and heard testimony from Uncle, Nephew, and Mother. On May 18, 2023, the trial court denied Uncle's emergency request for custody as moot,[2] denied Uncle's request for a SIJS predicate order, and issued findings of fact and conclusions of law.

_____

is not viable due to abuse, neglect, abandonment, or similar basis found under State law; (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in immigrant's best interest to be returned to his/her or parent's previous country of nationality or country of last habitual residence; and (iii) in whose case Secretary of Homeland Security consents to grant of SIJS). **See also** 8 C.F.R. § 204.11 (providing federal regulation governing special immigrant juvenile classification).

[2] The trial court denied Uncle's emergency custody request as moot because Nephew had turned 18 years old, and the court had previously accepted a custody agreement concerning Nephew.

Uncle timely appealed and this Court subsequently affirmed the trial court's decision. On December 6, 2024, the Pennsylvania Supreme Court granted Appellant's Petition for Allowance of Appeal, vacated this Court's decision, and remanded the case to this Court for reconsideration in light of the Supreme Court's recent decision in **Velasquez v. Miranda**, 321 A.3d 876 (Pa. 2024).

In **Velasquez**, the Pennsylvania Supreme Court "granted discretionary review to address a matter of first impression for [the] Court, involving the correct procedure and standards when our courts are asked to make certain requisite findings to support a [SIJS] classification for minors seeking that status before federal immigration authorities." **Id.** at 882. The Supreme Court further clarified "the role of Pennsylvania courts in deciding whether these predicate judicial determinations may be made in the context of a child custody proceeding." **Id.** In doing so, our High Court held, *inter alia*, that a custody court qualifies as a "juvenile court" for purposes of making SIJS findings. **Id.** at 894 (stating "juvenile court" is "court located in the United States that has jurisdiction under State law to make judicial determinations about the dependency and/or custody and care of juveniles") (citing 8 C.F.R. § 204.11(a)). The Supreme Court further held that "a child with . . . an order from a Pennsylvania custody court may qualify for SIJS as long as that court also makes the requisite predicate judicial determinations." **Id.** at 898 (emphasis omitted) (reversing Superior Court's decision which interpreted

- 3 -

SIJS provisions as precluding someone who is awarded custody of a child in custody proceeding to be someone "appointed by" state or juvenile court).

Here, the trial court made factual findings to support its denial of SIJS. *See* Findings of Fact and Conclusions of Law, 5/12/23, at 4-8 (unpaginated). Nonetheless, the court stated in its Rule 1925(a) opinion that Nephew was not eligible for SIJS regardless because he had not been legally committed to the custody of state agency or an individual or entity appointed by the state or juvenile court. The court opined, "[s]ignificantly, [Nephew] has not been adjudicated dependent or placed in the legal custody of a state agency, rather [Nephew] resides with his Uncle." Opinion, 8/3/23, at 10. To support this, the trial court relied on this Court's earlier decision in ***Velasquez***, which was reversed by the Supreme Court during the pendency of this appeal. The trial court also concluded that it was "not sitting as a juvenile court as defined by federal law" (Findings of Fact and Conclusions of Law at 7 (unpaginated)), which is contrary to the Supreme Court's holding in ***Velasquez, supra***.

We recognize that the trial court made factual findings which might serve as a basis for the denial of SIJS on their own accord, but in light of the trial court's reliance on authority that our Supreme Court has now reversed, and in an abundance of caution, we remand this case so that the trial court may reconsider its ruling with the benefit of our Supreme Court's decision in ***Velasquez***. Thus, we vacate and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025